[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, AAA Interstate Explosives Enterprises, Ltd., agreed to provide drilling services for the defendant, Testwell Craig Laboratories of Connecticut, Inc. (Testwell), at an hourly rate of $125, as set forth in a written contract dated October 14, 1992. The contract was modified by CT Page 7884 a further written contract, dated October 19, 1992 (second contract), which called for a new hourly rate of $170, which took into account additional equipment the plaintiff was required to provide to perform the drilling. The plaintiff commenced this action in September, 1994, alleging Testwell had not paid approximately $8300 due according to the contract.
At a bench trial before this court, on October 11, 1996, Testwell asserted that the "new hourly amount" referred to in the second contract was meant only to apply to work known as "horizontal drilling," not to all the hours spent on the project by the plaintiff's workers. In response, the plaintiff asserted that the new rate of $170 per hour was to apply to all hours worked by its employees, but agreed that the new amount took into consideration the fact that additional equipment would be needed to perform "horizontal drilling."
The issue before the court is whether the language in the second contract, that the "new hourly amount" would be $170, was meant to apply to all hours worked by the plaintiff or only to those hours which required horizontal drilling. This requires a determination of whether the language "new hourly amount" is ambiguous on its face or whether parol evidence is required to determine the meaning the parties ascribed to the terms when they entered into the second contract.
The law in this area is well-settled. "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Levine v. Massey,232 Conn. 272, 277-78, 654 A.2d 737 (1995), quoting Mulligan v. Rioux,229 Conn. 716, 740, 643 A.2d 1226 (1994). "It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. . . . [A]ny ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, supra, 232 Conn. 278-79. "Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) Stephan v.Pennsylvania General Ins. Co., 224 Conn. 758, 764, 621 A.2d 258 (1993). CT Page 7885
In the present case, the language "new hourly amount" in the second contract is clear and unambiguous. The defendant's contention that the parties' intent was to apply the $170 hourly rate only to hours spent on horizontal drilling, may not be considered by the court since it contradicts the plain language of the contract. Accordingly, the court finds, as a matter of law, that the rate of $170 per hour should be applied to all of the hours spent by the plaintiff after the date of the second contract. For the above stated reasons, the court finds for the plaintiff, and judgment may enter for the plaintiff to recover the $8376.88 and costs, together with reasonable attorney's fees of $1256.53, but without interest.
GROGINS, J.